# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Elton Weiters, | ) | Civil Action No. 9:19-2420-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Justin Andres, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court recharacterize Petitioner's motion brought under 28 U.S.C. § 2241 as brought under § 2255. (Dkt. No. 12.) For the reasons set forth below, the R & R is adopted as the order of the Court and Mr. Weiters is provided notice of the Court's intent to recharacterize.

**I.**    **Background**

Mr. Weiters brings this motion pursuant to 28 U.S.C. § 2241 to challenge the legality of his sentence. After pleading guilty to one count of possession with intent to distribute a controlled substance and one count of being a felon in possession of a firearm or ammunition, Mr. Weiters was sentenced on January 27, 2017 in the District of South Carolina to a seventy-two month term of incarceration plus a $200.00 special assessment and four-year term of supervised release. 2:16-cr-0056-RMG-1 at Dkt. Nos. 41, 49.

Mr. Weiters was incarcerated at FCI Butner II when he brought the instant § 2241 motion, and then notified the Court of his change of address at a halfway house. The Magistrate Judge therefore re-mailed the R & R to Mr. Weiters as his new address and extended his objection deadline. (Dkt. Nos. 15-17.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Magistrate Judge correctly concluded that Petitioner's § 2241 motion to challenge the legality of his sentence is subject to dismissal because "it is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A petitioner may nonetheless proceed under § 2241 if § 2255 is "inadequate or ineffective to test the legality of [his] detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2010). To demonstrate that a § 2255 petition would be inadequate or ineffective, the petitioner must establish that:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018).

As the Magistrate Judge noted, Mr. Weiters cannot satisfy the *Wheeler* standard here because there is no subsequent change in binding law and he has not filed a § 2255 petition. Rather than dismiss this § 2241 motion, the Magistrate Judge recommends that the Court recharacterize it in the interest of justice as brought under § 2255. Mr. Weiters filed no objections to this recommendation. Before recharacterizing the motion, the Court must provide Mr. Weiters with certain warning and notice, which the Magistrate Judge also provided in the R & R. *Castro v. United States*, 540 U.S. 375, 383 (2003).

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 12) as the order of the Court and puts Mr. Weiters on **NOTICE**:

The Court **HEREBY** intends to recharacterize, in the interest of justice, the instant § 2241 petition as brought under § 2255. Such recharacterization means that any subsequent § 2255 motion will be subject to restrictions on "second and successive" motions.

Mr. Weiters is **HEREBY** provided the opportunity to withdraw the instant § 2241 motion pursuant to Rule 41 of the Federal Rules of Civil Procedure, or to amend it so that it contains all of the § 2255 claims that he believes he has. The deadline by which Mr. Weiters shall withdraw or amend is **thirty (30) days** from the date of this Order. If Mr. Weiters neither withdraws nor amends by that deadline, the Court will not recharacterize the instant § 2241 motion and it will be subject to dismissal.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

October 28, 2019
Charleston, South Carolina