**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Elton Weiters, | ) | Civil Action No. 9:19-2420-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Justin Andres, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is Petitioner Elton Weiters's motion pursuant to 28 U.S.C. § 2241 to challenge the legality of his sentence.

After pleading guilty to one count of possession with intent to distribute a controlled substance and one count of being a felon in possession of a firearm or ammunition, Petitioner was sentenced on January 27, 2017 in the District of South Carolina to a seventy-two month term of incarceration plus a $200.00 special assessment and four-year term of supervised release. (2:16-cr-0056-RMG-1 at Dkt. Nos. 41, 49.) In a Report and Recommendation dated September 23, 2019, the Magistrate Judge noted that this § 2241 motion is subject to dismissal because Petitioner is attacking the legality of his conviction and sentence and that a § 2255 is the appropriate vehicle for that relief sought, absent a showing that § 2255 is inadequate or ineffective under the *Wheeler* savings clause. Rather than dismiss the motion, the Magistrate Judge recommended that the Court, in the interest of justice, recharacterize the § 2241 motion as brought under § 2255. (Dkt. No. 12.) Petitioner did not object to the Report and Recommendation.

By Order and Opinion dated October 23, 2019, the Court provided Petitioner notice of the Court's intention to recharacterize the motion, provided a warning regarding resulting

restrictions on "second and successive" § 2255 motions, and provided Petitioner with the opportunity to withdraw the instant § 2241 motion pursuant to Rule 41 or to amend it to contain all of the claims he believes he has, by November 27, 2019. The Court specified, "If Mr. Weiters neither withdraws nor amends by that deadline, the Court will not recharacterize the instant § 2241 motion and it will be subject to dismissal." (Dkt. No. 19.)

Petitioner has neither withdrawn nor amended his § 2241 motion. Accordingly, the Court reviews it and finds that it is subject to dismissal because a § 2255 motion is the appropriate vehicle for the relief sought. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (noting that "it is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through § 2255"). A petitioner may bring a § 2241 motion if he or she demonstrates that a § 2255 motion would be "inadequate or ineffective to test the legality of [the] detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). A § 2255 motion is inadequate or ineffective if:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Here, there is no plausible allegation that the savings clause permits Petitioner to bring his claims under § 2241, nor is there any indication that he has filed a § 2255 action with the sentencing court to permit it to review his claims for relief. Petitioner has, therefore, not satisfied the *Wheeler* test.

For these reasons, Petitioner's § 2241 motion (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 9 , 2019
Charleston, South Carolina